IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                  Case No. 2:10-bk-76526-swr
                                       Chapter 11
                                       Hon. Steven W. Rhodes

**KICKERS ALL AMERICAN GRILL, INC.**,
a Michigan limited liability company,

                     Debtor.
_____/

**MOTION TO EXCUSE CUSTODIAN FROM COMPLIANCE WITH 11 USC 543 OR IN THE ALTERNATIVE TO APPOINT INTERIM TRUSTEE PURSUANT TO 11 USC 1104**

Secured creditor, Universal Advisors, LLC says:

1. A voluntary petition for relief under Chapter 11 was filed in this matter on December 4, 2010, together with a voluntary petition in a related matter, In Re: Spiro & Sons, Inc., Case No. 2:10-bk-76527-swr.

2. The Debtor, Kickers All American Grill, operates a bar/restaurant/comedy club at 36071 Plymouth Road, Livonia, Michigan. The Related Debtor, Spiro & Sons owns the underlying real property. The owners of the Debtor and the Related Debtor are William Stoyanovich and Pete Stoyanovich.

3. On September 8, 2006, the Debtor and the Related Debtor, together with William and Pete Stoyanovich borrowed money from Fifth Third Bank in a series of cross-collateralized transactions secured by all of the real and personal property of the Debtor and the Related Debtor.

4. The Debtor and the Related Debtor defaulted in their obligations to Fifth Third and suit was commenced to foreclose the mortgage and for other relief in the Wayne County, Michigan circuit court.

5. On October 28, 2009, the entire position of Fifth Third was assigned to Universal Advisors, LLC, a Michigan limited liability company. The attorney representing Universal Advisors in the assignment transaction and who substituted in the pending Wayne County litigation was Sarah A. Clarkson of Troy, Michigan.

6. In order to forestall foreclosure, the Debtor and the Related Debtor made partial payments over time to Universal Advisors.

7. Universal Advisors scheduled a hearing on its motion for the appointment of a receiver for October 29, 2010. This was the first appearance by the undersigned counsel in the circuit court proceeding. The circuit court adjourned the matter for hearing until December 3, 2010, and during the interim Universal Advisors filed a motion for default judgment against the Debtor and the Related Debtor for the balance due and owing and for sale of the real and personal property at public auction.

8. On December 3, 2010, the Wayne County circuit court granted the relief requested by Universal Advisors in full.

9. The relief granted by the circuit court in Order Appointing Receiver entered December 3 2010, included:

> 9. Plaintiff Universal Advisors, Inc. is entitled to immediate enforcement of the Assignment of Lease and Rents executed by Spiro & Sons, Inc. on December 18, 2001;
>
> and is entitled to immediate enforcement of the Agreement for Assignment of Liquor License executed by Kicker's All American Grill, Inc. on September 8, 2006;
> **IT IS FURTHER ORDERED** that **Michael A. Gust** is appointed receiver of defendant Kicker's All American Grill, Inc. with full power over all assets and property, real, personal or mixed, and wherever situated of defendant Kicker's All American Grill,

Page 2 of 7
10-76526-swr    Doc 5    Filed 12/06/10    Entered 12/06/10 17:34:27    Page 2 of 7

**IT IS FURTHER ORDERED** that this Court grants a security interest to plaintiff Universal Advisors, LLC in all funds in the receiver's account for application to the debts owed to Universal Advisors, Inc. by defendants Pete Stoyanovich, William Stoyanovich and Spiro & Sons, Inc.

**IT IS FURTHER ORDERED** that any bank, savings or financial institution which receives a copy of this order shall surrender to the receiver on demand all bank accounts and the contents of all safety deposit boxes of defendant Kicker's All American Grill, Inc.

**IT IS FURTHER ORDERED** that the receiver is granted all powers and authority conferred by statute and case law to take immediate possession and full control of the receivership property, including, but not limited to, all cash on hand on the date of the entry of this order, bank accounts, credit card receipts, bank deposits, other cash collateral and all contracts, licenses, including liquor licenses, provider agreements, management agreements, rights, privileges, inventory and equipment.

10. Pursuant to the authority granted by the circuit court, the Receiver, Michael Gust, personally appeared at the Michigan Liquor Control Commission office in Lansing, Michigan on December 3, 2010, presented the order of the circuit court and commenced the transfer of the liquor license process. In addition, the Receiver, again on December 3, 2010, transferred all known bank accounts of the Debtor to his name.

11. The relief granted by the circuit court in its Default Judgment and Order for Sale at Public Auction entered December 3 2010, included:

IT IS ORDERED:

1. Plaintiff, Universal Advisors, LLC, is the successor in interest to First Third Bank as confirmed by this Court's Stipulated Order to Substitute Party Plaintiff and Substitute

2. The mortgage dated December 18, 2001, as amended December 8, 2004 and September 8, 2006, between Spiro & Sons, Inc. (the Mortgage Defendant) and First Third Bank is a valid first lien on the property described in paragraph 16 below, subject only the

IT IS FURTHER ORDERED:

22. That this Court declares plaintiff's interest in all personal property of Kicker's All American Grill, Inc. set forth in the Security Agreement of September 8, 2006, is foreclosed and title thereto is quieted in plaintiff;

23. That this Court declares that all liquor licenses of Kicker's All American Grill, Inc. set forth in the Agreement for Assignment of Liquor License dated September 8, 2006, subject to the approval of the Michigan Liquor Control Commission, are transferred to plaintiff; and

12. Universal Advisors is currently the owner of all personal property formerly owned by the Debtor, including the liquor license and bank accounts.

13. The bases upon which the circuit court granted the requested appointment of a receiver were twofold. First, that waste had been committed based upon the undisputed allegation that taxes for the years 2007 through 2010 are presently owed to Wayne County, Michigan in the amount of $232,377.73 as of November 22, 2010. Second, that the Related Debtor was committing fraud by failing to report all income received at Kickers All American Grill.

14. On November 3, 2009, Sarah A. Clarkson attended a meeting at Kickers All American Grill. Also in attendance were Gregory J. Rohl, the Debtor's and the Related

Debtor's circuit court attorney and Tom Pappas[1], the individual appointed by order of the Wayne County circuit court as "monitor" of Kickers All American Grill. At that meeting Pete Stoyanovich unequivocally admitted in the presence of Ms. Clarkson that all income received was not being reported. At a second meeting held at the offices of Universal Advisors, Pete Stoyanovich again stated in the presence of Ms. Clarkson that all income was not being reported.

15. In addition, Mr. Pappas indicated three areas of potential underreporting of income: the failure to report cash sales from "beer tubs," "shot trays" and the intentional "voiding" of cash sales by which cash received was being diverted. The extent to which these three areas existed is unknown, but it was not until after the October 29, 2010, circuit court hearing that the Debtor began to produce receipts for cash sales from "beer tubs" and "shot trays."

16. The Receiver took control of Kickers All American Grill on December 3, 2010.

17. On December 3, 2010, the Receiver found two cash tills to be "short" a total of approximately $420. A text message was sent by an employee of Kickers, Pam Whitehead to William Stoyanovich. On December 4, the Receiver discussed this with William Stoyanovich who replied: "Oh, yeah, that's George's money. I forgot." The money was returned by William Stoyanovich within minutes.

18. Kickers All American Grill utilizes an independent valet service for parking customer cars. The Receiver was informed after he took control of the business that

---

[1] Mr. Pappas executed an affidavit in support of the motion to appoint receiver which in part touched upon the issue of fraud. The adjournment of the October 29 hearing was to allow Mr. Rohl, the state court attorney, to take the deposition of Mr. Pappas. At the deposition Mr. Pappas was *completely impeached*. Upon reading the deposition transcript the circuit court immediately terminated the appointment of Mr. Pappas as monitor and barred him from any participation in the business of Kickers.

the valet company pays rent of $700.00 per month, but the Receiver has been unable to find where such payments are reflected in the accounting records of Kickers.

19. After the filing of the voluntary petitions telephone conversations occurred between the undersigned and counsel for the Debtor and the Related Debtor, Mr. Firebaugh. Mr. Firebaugh asserted that the automatic stay compels the Receiver to return the premises to the Debtor and the Related Debtor. The undersigned asserted in reply that there is nothing to return as the circuit court quieted title in all personal property in Universal Advisors including the bank accounts and the liquor license which was in fact transferred prior to the filing of the voluntary petitions. Counsel agreed that the Receiver would continue to operate, but that William Stoyanovich and Pete Stoyanovich would be allowed full access to Kickers All American Grill pending hearing on all First Day Motions. In addition, counsel further agreed that payment of all employee wages would be made by the Receiver until the further order of this Court.

20. Universal Advisors asserts that it owned, prior to filing of the voluntary petitions, and continues to own, all personal property of the Debtor and the Related Debtor including the liquor license and that it is in the best interests of the creditors that those assets be sold as a single parcel pursuant to the order of the Wayne County, Michigan circuit court.

21. Pursuant to the Rooker-Feldman doctrine this Court should give finality to the orders of the Wayne County circuit court. Because the Debtor and the Related Debtor only hold a right of possession to the real estate subject to the state court receivership, "good cause" is shown to retain the Receiver in place to operate Kickers All American Grill.

22. The automatic stay should be lifted to permit the continued operation of Kickers All American Grill for the benefit of the creditors and to permit the sale of the real and personal property of the Debtor and the Related Debtor as contemplated by the order of the Wayne County circuit court.

23. In the alternative, because of fraud, an interim trustee should be appointed in lieu of permitting the debtor to remain in possession.

**THEREFORE**, Universal Advisors, LLC requests entry of the order attached at Tab 2.

Respectfully submitted,

/s/ Stephen M. Landau

STEPHEN M. LANDAU, P.C.
For Secured Creditor Universal Advisors, LLC
30100 Telegraph Road, Suite 428
Bingham Farms, MI 48025-4564
✆248.358.0870
sml@slandau.com