## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION AT DETROIT

In Re: **KICKERS ALL AMERICAN GRILL, INC.**
      d/b/a Kickers All American Grill
      d/b/a Joey's Comedy Club

                Debtor-in-Possession.

Case No.  10-76526-SWR

Chapter 11
Judge **Steven W. Rhodes**

_____ /

# COVER SHEET FOR MOTION TO USE CASH
# COLLATERAL OR TO OBTAIN CREDIT

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ____ Yes<br><br>✗ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>✗ No | Page _____, ¶ _____ |

| | | |
|---|---|---|
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>X No | Page _____ , ¶ _____ |

Date: 12/6/2010

Samuel M. Friedman

[Debtor's counsel]

In Re: **KICKERS ALL AMERICAN GRILL, INC.**
      d/b/a Kickers All American Grill
      d/b/a Joey's Comedy Club

                     Debtor-in-Possession.

Case No.  10-76526-SWR

Chapter 11
Judge **Steven W. Rhodes**

## FIRST DAY MOTION FOR
## <u>ITERIM ORDER ON AN EXPEDITED BASIS AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2)(B), B.R. 4001(b) and L.B.R. 4001(2) E.D.M.</u>

     The above captioned Debtor-in-Possession, by and through its undersigned Attorneys hereby moves this Honorable Court for entry of a First Day Interim Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363(c)(2)(b), B.R. 4001(b) and L.B.R. 4001(2) E.D.M., and in support of this Motion pleads more particularly as follows:

     1.  On Saturday afternoon, December 4, 2010, the Debtor-in-Possession herein filed the above-captioned Chapter 11 case.

     2.  Pursuant to the provisions of 11 U.S.C. §363(c)(2), the Debtor-in-Possession may not use "cash collateral" as defined by 11 U.S.C. §363(a) (hereinafter: "Cash Collateral") without either: (a) the consent of each party which has an interest in such "cash collateral," or (b) authorization of this Honorable Court.

     3.  Upon the Debtor-in-Possession's knowledge, information and belief, all parties which have or may any interest in the subject Cash Collateral involved in this case are as follows: (a) Universal Advisors, LLC (hereinafter: "Universal"), and; (b) Ronald Sarcevich (all hereinafter collectively: "Secured Creditor(s)").

     4.  More particularly, upon the Debtor-in-Possession's best knowledge, information and belief, Universal is owed approximately One Million Five Hundred Thousand Dollars ($1,500,000.00), more or less, and holds an all encompassing perfected security interest in the assets of the Debtor-in-Possession, including a perfected security interest in all Cash Collateral, which perfected security interest is prior to all

other security interests in such Cash Collateral. Ronald Sarcevich holds only a junior position to Universal which position secures a debt not owed by the Debtor in possession.

5.   The Debtor in possession estimates the value of all said Cash Collateral as of the Petition date and time to consist of approximately: $4,000.00 in cash for start of daily operations; $19,000.00 in pending credit card receivables (normally deposited directly in the bank every few days), $13,000 in bank deposits, all less approximately $22,000.00 in outstanding checks written and issued pre-Petition, all totaling approximately a net of Fifteen Thousand Dollars ($15,000.00) as of the Petition filing date and time.

6.   The Debtor-in-Possession is in the business of operating a restaurant, bar and comedy club, and in the normal course and day-to-day operation of such business, the Debtor-in-Possession receives and collects a constant incoming stream of cash revenues and/or bank account deposits from the payment of receivables and/or credit card payments, historically averaging approximately Fifty-Five Thousand Dollars ($55,000.00) per week, more or less. The business of the Debtor-in-Possession is somewhat seasonal in nature and generally the busy season is during the colder and winter months.

7.   Debtor-in-Possession estimates that the maximum revenues and expenditures it incurs on a weekly basis during the peak busy season could be as high as Sixty-Five Thousand Dollars ($65,000.00) per week. Gross revenues for the pre-Petition Debtor-in-Possession have been as follows: 2008: $2,974,271 (averaging $57,197.52 per week); 2009: $2,903,429 (averaging $55,835.17 per week); 2010 (for the 6 months January through June): $1,406,000 (averaging 54,076.92 per week)

8.   In order to continue the normal course of the Debtor-in-Possession's day-to-day business operations, the Debtor-in-Possession needs to use the subject Cash Collateral for the payment of the continual recurring normal and customary business expenses, including but not limited to: payroll and payroll taxes; inventory purchases; supplies; utilities; insurance; office expenses; equipment and additional parking space rental for customers.

9.   Without the ability to use the aforesaid Cash Collateral in which the above Secured Creditor(s) have or may have an enforceable security interest, the Debtor-in-Possession would not be able to continue business operations, and in such event would be forced to cease all business operations as a Debtor-in-Possession.

10.   In the event this Court authorizes the Debtor-in-Possession pursuant to the applicable statutes and court rules to use the Cash Collateral which is the subject of this Motion, the Secured Creditor(s) will be adequately protected by virtue of the constant and daily inflow of new cash collateral in the form of revenues from continued business operations, which the Debtor-in-Possession asserts on an average periodic basis, will not realistically be at risk to be diminished or reduced below the amount and value of Cash Collateral owned or possessed by the Debtor-in-Possession as of the date and time of the filing of the Petition herein.

11.   Prior to the filing of the Petition herein, pursuant to an Order entered of the Wayne County Circuit Court in pending case no. 09-014304-CH, a certain Michael A. Gust was appointed as receiver (hereinafter "Receiver") in said case in favor of the secured creditor Universal Advisors, Inc.  A copy of such Order is attached hereto as "Exhibit 2."  On Friday, December 3, 2010, pursuant to said Order, the Receiver took over possession of the assets and operations of the Debtor-in-Possession.

12.   On Saturday, December 4, 2010, subsequent to the filing of the Petition herein, the Debtor-in-Possession through its undersigned attorney requested through Universal's attorney Stephen M. Landau, that Universal and the appointed receiver relinquish and turn over immediate possession and control of the business assets and operations to the Debtor-in-Possession, pursuant to the "automatic stay" provisions of 11 U.S.C. §362.  Universal refused and continues to refuse to do.  Instead, Universal has only consented to Pete Stoyanovich and William Stoyanovich being physically present on the business premises to assist with the management and operation of the Debtor-in-Possession's business.

13.   Subsequent to the filing of the Petition herein and prior to filing this Motion, the Debtor-in-Possession has additionally requested and attempted to negotiate the consent of Universal Advisors, LLC, through its attorney Stephen M. Landau to use the subject "cash collateral" herein; however, Universal, through said attorney Landau, has verbally in telephone conversations consented only to very limited usage of such Cash Collateral (consisting only of: the payment of performing comedians on Saturday December 4, 2010; payment of payroll for the employees except not Pete Stoyanovich or William Stoyanovich, on Monday, December 6, 2010, and the payment of approximately $1,160.00 for a beer delivery on Monday December 6, 2010, thus necessitating the filing of this Motion.

14.    A Projected Post-Petition Operating Budget for the Debtor-in-Possession has been prepared by accountant Michael Thomas, C.P.A., which is attached hereto as "Exhibit 3."  Debtor-in-Possession believes this projected operating budget is materially true and accurate and sufficiently demonstrates that the Debtor-in-Possession can continue and maintain business operations and utilize the subject Cash Collateral without jeopardizing the interests of the Secured Creditor(s) who have a perfected secured interest in such Cash Collateral.

15.    The Proposed Post-Petition Operating Budget Operating Budget contains a line item entry in the amount of $7,500.00 per month as adequate protection payable to Universal which is based on a six percent (6%) annual interest rate payable on an outstanding estimated loan balance of $1,500,000.00.

**WHEREFORE**, the Debtor-in-Possession hereby moves this Honorable Court for entry of and First Day Interim Order Authorizing Use of Cash Collateral in accordance with the terms and conditions of the proposed Order attached hereto as "Exhibit 1."

Dated: <u>December 6, 2010</u>              /s/  *Samuel G. Firebaugh*
_____

**Samuel G. Firebaugh (P-34276)**
**Firebaugh & Andrews, P.L.L.C.**
**Attorneys for Debtor-in-Possession**
**38545 Ford Road, Suite 104**
**Westland, MI 48185**
**(734) 722-2999**
FirebaughAndrews@comcast.net

In Re: **KICKERS ALL AMERICAN GRILL, INC.**            Case No.  10-76526-SWR
        d/b/a Kickers All American Grill
        d/b/a Joey's Comedy Club                      Chapter 11
                            Judge **Steven W. Rhodes**
                        Debtor-in-Possession.

## FIRST DAY INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2)(B), B.R. 4001(b) and L.B.R. 4001-2 E.D.M.

     The above captioned Debtor-in-Possession having filed a First Day Motion for entry of Interim Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363(c)(2)(B), B.R. 4001(b) and L.B.R. 4001-2 E.D.M., on an expedited basis, and it appearing that good cause exists for the relief requested by the Debtor-in-Possession to use "cash collateral," and further appearing that all entities which have or may have any interest in "cash collateral" herein are adequately protected by the requirements and provisions contained in this Order as to their interest in such "cash collateral while the Debtor-in-Possession continues business operations herein, **NOW THEREFORE**;

     **IT IS HEREBY ORDERED**, pursuant to 11 U.S.C. 363(c)(2)(B), that effective as of the filing of the Petition herein, the Debtor-in-Possession may use up to but not to exceed $65,000.00 per week of all "cash collateral" as defined in 11 U.S.C. §363(a) (hereinafter "cash collateral") which is secured in favor of any party in the above referenced Chapter 11 case, as reasonably necessary in the ordinary course of the Debtor-in-Possession's business operations, until the earlier of: (1) the date of the final hearing scheduled herein, or; (2) until the date that this Order would become a final order, or; (3) further Order of this Court;

     **IT IS FURTHER ORDERED** that all entities having an interest in "cash collateral" herein shall have a replacement lien in any and all "cash collateral" generated or earned by the Debtor-in-Possession post-Petition, in the same order of priority as such interested parties had lien rights pre-Petition; however,

such interested parties shall specifically not have a lien or replacement lien in any causes of action the Debtor-in-Possession may have under Chapter 5 of the United States Bankruptcy Code;

**IT IS FURTHER ORDERED** that the Debtor-in-Possession shall, within 24-hours of the entry of this Order, serve copies of this Order together with the Motion and all attachments filed herein upon which this Order is based, on all parties who are required to be served under F.R. Bankr.P. 4001(d);

**IT IS FURTHER ORDERED** that the deadline to file an objection to this Order is 14 days from entry hereof, except that an official committee may file objections within 14 days after it is served with this entered Order.

**IT IS FURTHER ORDERED** that if an objection is timely filed to the entry of this Order, than a final hearing will be held herein on _____.

**IT IS FURTHER ORDERED** that if no objection is filed to the entry of this Order, then this Interim Order shall become a Final Order, and no hearing shall be held hereon, and the Debtor-in-Possession shall be authorized to use "cash collateral" as provided above in an amount not to exceed $65,000.00 as reasonably necessary in the ordinary course of the Debtor-in-Possession's business operations per week, until and subject to any further Order of the Court.

**IT IS FURTHER ORDERED** that the Debtor-in-Possession shall pay the secured creditor Universal Advisors, LLC, herein, the amount of $7,500.00 per month as adequate protection for its secured interest in the real estate used by the Debtor-in-Possession and on which the Debtor-in-Possession conducts its business operations, commencing no later than on January 1, 2011, and subsequently no later than the first day of each calendar month thereafter, until the earlier of Confirmation of Chapter 11 Plan herein, or until further Order of the Court.

**IT IS FURTHER ORDERED** that this Order shall not bind any Trustee who may be appointed subsequently herein.

dated: _____          _____
                                         Honorable **Steven W. Rhodes**
                                         United States Bankruptcy Judge

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**UNIVERSAL ADVISORS, LLC**, a Michigan limited
liability company, as assignee of Fifth Third Bank
a Michigan corporation,

Plaintiff,

v

**PETE STOYANOVICH, WILLIAM STOYANOVICH,
SPIRO & SONS, INC., KICKER'S ALL AMERICAN
GRILL, INC., DALE LENTZ, KEVIN CAMPBELL**
and **RONALD SARCEVICH,**

Defendants.


UNIVERSAL ADVISORS LLC v STOYANOV
Hon. John A. Murphy                    06/10/2009

**09-014304-CH**

### ORDER APPOINTING
### RECEIVER

FILED
CATHY M. GARRETT
WAYNE ... CLERK
DEC 0 3 2010

BY

_____/

STEPHEN M. LANDAU, P.C.
Stephen M. Landau   P16383
Co-Counsel For Plaintiff
30100 Telegraph Road, Suite 428
Bingham Farms, MI 48025-4564
☎248.358.0870
sml@slandau.com

Sarah A. Clarkson   P48857
James A. O'Toole   P24856
For Plaintiff

Mark A. Goldman   P24024
For Lentz & Campbell

Scott D. MacDonald   P45789
For Sarcevich

Gregory A. Rohl   P39185
For Stoyanovich & Kickers

At a session of said Court held

on _____

### PRESENT: HONORABLE JOHN A. MURPHY

This matter is before the Court on the motion of plaintiff Universal Advisors, LLC

for appointment of a receiver. This Court finds that:

"*EXHIBIT 2, page 1*"

1. Defendant Kicker's All American Grill, Inc. is in default with respect to the payment of monthly rent due plaintiff for the premises located at 36071 Plymouth Road, Livonia, Michigan; is in breach of the Security Agreement dated September 8, 2006; and is in default with respect to the Term Note dated February 21, 2008;

2. Defendant Spiro & Sons, Inc. is in breach of the Mortgage dated December 18, 2001; and is in breach of the Security Agreement dated September 8, 2006;

3. Defendants Kicker's All American Grill, Inc. and Spiro & Sons, Inc. are in default with respect to the Guaranty dated September 8, 2006;

4. Defendant Pete Stoyanovich is in breach of the Continuing Guaranty Agreement dated February 21, 2008;

5. Defendant William Stoyanovich is in breach of the Continuing Guaranty Agreement dated February 21, 2008;

6. Defendants Pete Stoyanovich and William Stoyanovich are in default with respect to the Real Estate Mortgage Note dated September 8, 2006;

7. The defaults of defendants Pete Stoyanovich and William Stoyanovich, Kicker's All American Grill, Inc. and Spiro & Sons, Inc. have been duly entered, which finding is consistent with the terms of this Court's Stipulated Order Allowing Universal Advisors, LLC to Intervene entered November 24, 2009, in the companion case entitled *Lentz, et al. v Spiro & Sons, Inc., et al.*, Wayne County Circuit Court case number 07-716512-CB.

8. No written response was filed to the instant motion;

9. Plaintiff Universal Advisors, Inc. is entitled to immediate enforcement of the Assignment of Lease and Rents executed by Spiro & Sons, Inc. on December 18, 2001;

"EXHIBIT 2, page 2"

and is entitled to immediate enforcement of the Agreement for Assignment of Liquor License executed by Kicker's All American Grill, Inc. on September 8, 2006;

10.  Real property taxes have not been paid by which this Court finds that waste has occurred, has not been cured and continues to occur on an ongoing basis;

11.  Good cause has been shown for the appointment of a receiver as authorized by the terms of the underlying Mortgage and as supported by the exhibits attached to the motion and the arguments of counsel; and

12.  Any delay in the implementation of this order will unduly prejudice the plaintiff. Accordingly,

**IT IS ORDERED** that the motion of plaintiff Universal Advisors, LLC for appointment of a receiver is granted.

**IT IS FURTHER ORDERED** that **Michael A. Gust** is appointed receiver of defendant Kicker's All American Grill, Inc. with full power over all assets and property, real, personal or mixed, and wherever situated of defendant Kicker's All American Grill, Inc., the primary location of which is located at 36071 Plymouth Road, Livonia, Michigan and which is more particularly described as:

Land in the City of Livonia, Wayne County, Michigan, described as follows:

PARCEL 1
A part of the Northeast 1/4 of Section 32, Town 1 North, Range 9 East, City of Livonia, Wayne County, Michigan being more particularly described as follows: Beginning at a point located South 89 degrees 00 minutes 00 seconds East 771.40 feet along the North line of Section 32 (nominal centerline of Plymouth Road) and South 01 degrees 04 minutes 00 seconds West 60.00 feet from the North 1/4 corner of Section 32; thence South 89 degrees 00 minutes 00 seconds East 100.00 feet along the Southerly right of way line of Plymouth Road; thence South 01 degrees 04 minutes 00 seconds West 368.73 feet; thence North 89 degrees 43 minutes 36 seconds West 100.00 feet; thence North 01 degrees 04 minutes 00 seconds East 368.24 feet to the point of beginning.



"EXHIBIT 2, page 3"

PARCEL II:

That part of the Northeast 1/4 of Section 32, Town 1 South, Range 9 East, described as: Beginning at a point South 89 degrees 00 minutes 00 seconds East 656.20 feet along North Line Section 32; thence South 01 degrees 04 minutes 00 seconds West 610.0 feet from the South 1/4 corner of Section 32; thence South 89 degrees 00 minutes 00 seconds East 115.20 feet along Southerly Right of Way Line of Plymouth Road; thence South 01 degrees 04 minutes 00 seconds West 363.24 feet; thence North 88 degrees 43 minutes 56 seconds West 115.20 feet; thence North 01 degrees 04 minutes 00 seconds East 362.69 feet to the point of beginning.

Tax Item No.: 46-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-608; Tax Item No.: 46-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-011

including all accounts, documents, chattel paper, franchise agreements, licenses, including liquor licenses, instruments, contract rights, general intangibles and choses in action now owned or hereafter acquired, including any right to any refund of any taxes heretofore or hereafter paid to any governmental authority.

**IT IS FURTHER ORDERED** that the receiver shall file with the clerk of the court a bond for the faithful performance of his duties in the amount of $50,000.00, with good and sufficient corporate surety, within 30 days of the entry of this order. Such bond shall not be a condition precedent to appointment of the receiver or to the commencement of his duties. The receiver may charge the cost of such bond directly to the account of defendant Kicker's All American Grill, Inc. and may pay such premium or premiums charged in the ordinary course of the business of the receivership. To the extent a bond as required cannot reasonably be obtained the receiver shall notify the Court and the parties in writing.

**IT IS FURTHER ORDERED** that the receiver is granted all powers and authority conferred by statute and case law to take immediate possession and full control of the receivership property, including, but not limited to, all cash on hand on the date of the entry of this order, bank accounts, credit card receipts, bank deposits, other cash collateral and all contracts, licenses, including liquor licenses, provider agreements, management agreements, rights, privileges, inventory and equipment.

"*EXHIBIT 2, page 4*"

**IT IS FURTHER ORDERED** that the receiver is authorized to take any actions he deems reasonably necessary to take immediate possession of and to exercise full control over the receivership property to prevent waste and to preserve, manage, maintain, secure and safeguard the same.

**IT IS FURTHER ORDERED** that the receiver is not authorized to appear personally or through counsel in any litigation relating to the receivership property or to otherwise direct the course of litigation.

**IT IS FURTHER ORDERED** that the receiver shall file a written report with the Court every 30 days describing in reasonable detail the operations of the business and itemizing total receipts, disbursements and the amount of funds in the receiver's account.

**IT IS FURTHER ORDERED** that the receiver shall cooperate with attorney Sarah A. Clarkson, who, on behalf of the receiver and plaintiff Universal Advisors, Inc., shall act as counsel with regard to all matters relating to the transfer of the liquor licenses to the receiver during the pendency of the receivership.

**IT IS FURTHER ORDERED** that the receiver shall only communicate with the Court through written correspondence directed to the court clerk of the judge to whom this matter is assigned with copies to all counsel of record.

**IT IS FURTHER ORDERED** that nothing in this order shall require the receiver to advance funds other than from income derived from his operation of the receivership property or pursuant to the provisions of this order.

**IT IS FURTHER ORDERED** that while lawfully acting as the receiver of this Court, the receiver shall have immunity from all claims and causes of action to the

*" EXHIBIT 2, page 5 "*

fullest extent provided by law. No party to this litigation nor any other individual or entity may commence an action for damages against this Court's receiver except upon motion made in this Court and upon entry of a final order authorizing the same.

**IT IS FURTHER ORDERED** that the receiver is vested with the following duties, to be discharged in his best judgment and in good faith to the extent reasonably possible under all of the circumstances:

1. To maintain, secure, manage, operate and preserve the receivership property;

2. To continue in force or to secure insurance for liquor liability, premises liability, business operations, fire, theft and other casualty loss, workers compensation and such other forms of insurance as the receiver deems necessary;

3. To collect and receive all cash and equivalents relating to the receivership property;

4. To maintain in a separate account in his name as receiver all funds received and to disburse from such separate account all authorized payments;

5. To review and report to the Court with regard to all financial records of the receivership;

6. To allow plaintiff and his counsel access to the receivership property during normal business hours;

7. To secure the continuation and renewal or replacement of all agreements he deems necessary in the ordinary course of the receiver's business;

8. To retain, hire and discharge employees;

9. To establish employee compensation;

10. To receive and endorse checks in the name of defendant Kicker's All American Grill, Inc. for deposit to his separate account;



"EXHIBIT 2, page 6"

11.     To employ UHY Advisors, LLC as his accountants and to employ an insurance agent of his choosing to assist the receiver in the performance of his duties;

12.     To apply the income, in the following priority, to:

> a. Payment of his fees and expenses, but only with the approval of this Court upon motion, which fees and expenses shall be charges against defendants Pete Stoyanovich, William Stoyanovich and Spiro & Sons, Inc.;

> b. Payment of the legal fees and expenses of the plaintiff upon receipt of statements from plaintiff's counsel with copies of the statements to all counsel of record, which fees and expenses shall be charges against defendants Pete Stoyanovich, William Stoyanovich and Spiro & Sons, Inc.;

> c. Payment of all insurance premiums for insurance as required by the receiver to perform his fiduciary duties and as determined by the receiver for the proper operation of the receivership property;

> d. Payment of all expenses of the operation of the business of defendant Kicker's All American Grill, Inc. including the payment of employees and the receiver's accountants and insurance agent.

**IT IS FURTHER ORDERED** that plaintiff Universal Advisors, LLC will be deemed to hold a lien and security interest on any and all assets of defendant Kicker's All American Grill, Inc. subject only to the priorities set forth in paragraph 12 above and the lien of the Wayne County Treasurer as set forth in this Court's Order Establishing Priority of Lien Interests in Real Property and Dismissing Defendant Wayne County Treasurer, Only entered July 8, 2010.

**IT IS FURTHER ORDERED** that from the date of the entry of this order, defendant Kicker's All American Grill, Inc. shall timely pay to plaintiff Universal Advisors, LLC, without off-set or deduction, the full amount of all monthly rent due plaintiff for the premises located at 36071 Plymouth Road, Livonia, Michigan pursuant to the

"EXHIBIT 2, page 7"

Assignment of Lease and Rents dated December 18, 2001, including all amounts presently past due.

IT IS FURTHER ORDERED that this Court grants a security interest to plaintiff Universal Advisors, LLC in all funds in the receiver's account for application to the debts owed to Universal Advisors, Inc. by defendants Pete Stoyanovich, William Stoyanovich and Spiro & Sons, Inc.

IT IS FURTHER ORDERED that any bank, savings or financial institution which receives a copy of this order shall surrender to the receiver on demand all bank accounts and the contents of all safety deposit boxes of defendant Kicker's All American Grill, Inc.

IT IS FURTHER ORDERED that the Wayne County Sheriff or any other duly authorized public safety official, upon receipt of a true copy of this order, shall assist the receiver in the course of his taking over the business of defendant Kicker's All American Grill, Inc. and to use such **FORCE** as necessary to assist the receiver with respect to the premises located at 36071 Plymouth Road, Livonia, Michigan.

IT IS FURTHER ORDERED that effective upon the entry of this order, defendants Pete Stoyanovich and William Stoyanovich, their agents and employees and all persons in active concert or participation with them who receive notice of the entry of this order are **enjoined and restrained** from entering upon the premises of defendant Kicker's All American Grill, Inc. and from interfering in any way in the operations of Kicker's All American Grill, Inc.

IT IS FURTHER ORDERED that defendants Pete Stoyanovich and William Stoyanovich shall immediately surrender to the receiver all keys, lock codes, alarm

*EXHIBIT 2, page 8*

codes and computer passwords relating in any way to the finances, operation and management of defendant Kicker's All American Grill, Inc.

**IT IS FURTHER ORDERED** that defendants Pete Stoyanovich, William Stoyanovich and Spiro & Sons, Inc. and all employees and agents of defendant Kickers All American Grill, Inc. are directed to immediately turn over to the receiver all of the following in their possession or under their control relating to the ownership and operation of the receivership property:

1. Leases, customer and supplier lists, documents, books and records relating to the management and operation of the receivership property together with any and all other papers in written or electronic form affecting the operation of the receivership property or any part or parts thereof, to identify the whereabouts of same and to direct any person, entity or otherwise to deliver to the same to the receiver forthwith;

2. Computer files, software programs, computer storage media and all back up drives concerning the finances, operation and management of the receivership property;

3. Documents relating to all pending litigation, if any, in which defendant Kicker's All American Grill, Inc. is a party, with the exclusion of the above captioned matter;

4. Documents identifying and summarizing all present debts, liabilities and other obligations owed by defendant Kicker's All American Grill, Inc.;

5. Documents identifying or relating to all parent or subsidiary companies or other business entities in which defendant Kicker's All American Grill, Inc. has any interest;

6. Supplier and service contracts;

7. Employee payroll records and employee files and applications including employee benefit records without limitation;

8. Leases and amendments;

9. Management agreements and amendments;

*"EXHIBIT 2, page 9"*

10. Licenses, regulatory inspections or surveys, plans of correction and all correspondence to or from regulatory authorities;

11. Policy and training manuals; and

12. Such other records pertaining to the management of defendant Kicker's All American Grill, Inc. as may be required by the receiver in his sole discretion and pursuant to his directions, without further order of this Court.

IT IS FURTHER ORDERED that a copy of this order may be recorded with the Wayne County Register of Deeds.

IT IS FURTHER ORDERED, pursuant to MCR 2.614(A)(2)(d), that the terms of this order are to be given immediate effect upon entry.

IT IS FURTHER ORDERED that immediately upon termination of the receivership the receiver shall turn over to the plaintiff Universal Advisors, Inc. or its designee all property and records in his possession or control relating to the receivership and to the business of defendant Kicker's All American Grill, Inc.

IT IS FURTHER ORDERED that the receiver or plaintiff Universal Advisors, LLC may in the exercise of discretion request that the Court release the receiver with or without cause upon appointment of a successor or that the receivership be terminated because it is no longer practical. No substitution of receivers or termination of the receivership shall be effective except upon entry of a duly entered order to such affect.

_____

Circuit Court Judge

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY_____
DEPUTY CLERK

*"EXHIBIT 2, page 10"*

# MICHAEL G. THOMAS C.P.A., P.C.

21800 Haggerty Road • Suite 102 • Northville, Michigan 48167

Phone 248.347.1040
Fax    248.347.1122
email  mthomas@mikethomascpa.com

KICKERS ALL AMERICAN GRILL INC
PROJECTED POST-PETITION MONTHLY OPERATING BUDGET
REVENUE, COST OF SALES, AND OPERATING EXPENSES

|  | MONTHLY BUDGET | % |
|---|---|---|
| **SALES** | | |
| Sales | $ 210,000.00 | 100.00% |
| | | |
| **COST OF SALES** | | |
| Food, Beer & Wine, Liquor | 53,550.00 | 25.50% |
| Casual Labor | 6,175.00 | 2.94% |
| Wages | 51,429.00 | 24.49% |
| Payroll Taxes - FICA | 4,699.00 | 2.24% |
| Payroll Taxes - Unemployment | 1,357.00 | 0.65% |
| TOTAL COST OF SALES | 117,210.00 | 55.81% |
| | | |
| GROSS PROFIT | 92,790.00 | 44.19% |
| | | |
| **OPERATING EXPENSES** | | |
| Officer Salaries | $ 10,000.00 | 4.76% |
| Interest Expense | - | 0.00% |
| Adequate Protection Payment (to Universal) | 7,500.00 | 3.57% |
| Maintenance & Repairs | 7,900.00 | 3.76% |
| Rent | 1,225.00 | 0.58% |
| Alarm | 75.00 | 0.04% |
| Advertising | 5,535.00 | 2.64% |
| Cable T.V. | 675.00 | 0.32% |
| Dues & Subscriptions | 108.00 | 0.05% |
| Insurance - General | 2,724.00 | 1.30% |
| Insurance - Workers Compensation | 660.00 | 0.31% |
| Insurance - Health | 2,078.00 | 0.99% |
| Laundry | 1,029.00 | 0.49% |
| Supplies | 1,229.00 | 0.59% |
| Professional Fees | 1,200.00 | 0.57% |
| Equipment Rental | 1,187.00 | 0.57% |
| Office Expense | 965.00 | 0.46% |
| Bank Charges | 440.00 | 0.21% |
| Credit Card Fees | 3,886.00 | 1.85% |
| Telephone | 1,972.00 | 0.94% |
| Trash & Snow Removal | 333.00 | 0.16% |
| Utilities | 9,281.00 | 4.42% |
| Real Property Tax | 9,691.00 | 4.61% |
| Personal Property Tax | 1,306.00 | 0.62% |
| General Tax & Licenses | 521.00 | 0.25% |
| Use Tax | 79.11 | 0.04% |
| Michigan Business Tax | 125.00 | 0.06% |
| Entertainers | 16,492.00 | 7.85% |
| TOTAL OPERATING EXPENSES | 88,216.11 | 42.01% |
| | | |
| NET INCOME (LOSS) | $ 4,573.89 | 2.18% |

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION AT DETROIT**

In Re:  **KICKERS ALL AMERICAN GRILL, INC.**                    Case No.  10-76526-SWR
       d/b/a Kickers All American Grill
       d/b/a Joey's Comedy Club                    Chapter 11
                                      Judge **Steven W. Rhodes**
                     Debtor-in-Possession.

---

## AFFIDAVIT OF PETE STOYANOVICH IN SUPPORT OF FIRST DAY MOTION FOR ITERIM ORDER ON AN EXPEDITED BASIS AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2)(B), B.R. 4001(b) and L.B.R. 4001-1 E.D.M.

Pete Stoyanovich hereby states and avers as follows.

1.  I am a shareholder, principal and President of the above captioned Debtor-in-Possession and the following statements are made from my own personal knowledge.

2.  I have read the attached Motion and all attachments thereto, including the attached Projected Post-Petition Operating Budget, and all the facts contained therein are all materially true and accurate.

3.  Based on advice and discussions with legal counsel I basically understand what "cash collateral" is in this Chapter 11.

4.  The Debtor-in-Possession is relying on all the facts contained in the attached Motion to request and justify authorization to use cash collateral on an expedited basis to conduct business operations.

5.  As set forth in the attached Motion, unless this Court authorizes the use of cash collateral in this case on an expedited basis, the Debtor-in-Possession will not be able to operate and will be forced to cease operations.

I hereby declare under penalty of perjury that the above statements are true and accurate to the best of my personal knowledge, information and belief.


Dated: <u>December 6, 2010</u>                    /s/  *Pete Stoyanovich*
                                        _____
                                        Pete Stoyanovich, President
                                        Kickers All American Grill, Inc.